IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
|    DOCTORS HOSPITAL OF ) | |
|    HYDE PARK, INC., ) | |
| ) | Case No.: 00 B 11520 |
| Debtor. ) | Hon. Jack B. Schmetterer |
| ) | |
| GUS A. PALOIAN, not individually but solely as ) | |
| Trustee for the Estate of Doctors Hospital of ) | |
| Hyde Park, Inc., ) | |
| ) | |
| Counterclaimant ) | |
| ) | Adversary No. 11-01983 |
| v. ) | |
| LASALLE BANK NATIONAL ASSOCIATION ) | |
| f/k/a LASALLE NATIONAL BANK AS TRUSTEE ) | |
| FOR CERTIFICATE HOLDERS OF ASSET ) | |
| SECURITIZATION CORPORATION COMMERCIAL ) | |
| MORTGAGE PASS-THROUGH CERTIFICATES, ) | |
| SERIES 1997 D5, BY AND THROUGH ITS ) | Hearing Date and Time: |
| SERVICER, ORIX CAPITAL MARKETS, LLC, ) | **Thursday, June 19, 2014 at 11:00 a.m.** |
| ) | |
| Counterclaim Defendant, ) | |

**UNDISPUTED FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING COUNTERCLAIM DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNT XXX**

This matter, having come before the Court on the *Motion for Judgment on the Pleadings as to Count XXX* [Docket No. 206][1] (the "**Motion**") filed by Counterclaim Defendant, LaSalle Bank National Association, f/k/a LaSalle National Bank as Trustee for Certificate Holders of Asset Securitization Corporation Commercial Mortgage Pass-Through Certificates, Series 1997, D5, by and through its Servicer, ORIX Capital Markets, LLC ("**LaSalle**"), all parties having

---

[1] All references to Docket Nos. in this Judgment mean and refer to the instant adversary proceeding, Case No. 11-01983 unless otherwise indicated.

1

appeared before the Court, filed briefs on the Motion, and having had notice and opportunity to be heard, **THE COURT HEREBY FINDS:**

A.    The Motion seeks judgment on the pleadings in favor of LaSalle on Count XXX of the Amended Complaint (defined below) filed by Paloian in the instant adversary proceeding [Docket No. 172]. Paloian alleges in Count XXX of the Amended Complaint that LaSalle's release of a third party in a settlement agreement with that third party also released the Debtor from any obligation to pay any amounts of LaSalle's claim.

B.    Prior to adding Count XXX to the Amended Complaint, Paloian filed that certain *Motion for Summary Judgment to Offset LaSalle's Recovery from Third Party Against LaSalle's Claim (on Count I of the Adversary Counterclaim)*(the "**Count I Setoff Motion**") [Docket No. 69].2

C.    The Count I Setoff Motion asserted that amounts paid by Nomura Asset Capital Corp. ("**Nomura**") to LaSalle under a settlement between LaSalle and Nomura should be set-off against the amounts sought by LaSalle in its proof of claim.

D.    The parties fully briefed the Count I Setoff Motion [Docket Nos. 53, 59, 70, 86, 87 and 89] and this Court entered that certain *Opinion on Summary Judgment Motion of Counter-Claimant Paloian on Count I* dated June 7, 2013 (the "**Count I Memorandum Opinion**") [Docket No. 92].

E.    The Count I Memorandum Opinion found that (**i**) the Nomura Settlement (defined therein) of $67.5 million paid off parts of LaSalle's proof of claim, and that LaSalle could not recover from the estate the same claim elements which were paid off; and (**ii**) the release given

---

[2] The Count I Setoff Motion was originally filed on June 13, 2011 as Docket No. 1480 in the main bankruptcy case but was subsequently filed in the instant adversary case on October 10, 2012 [Docket No. 69] pursuant to an Order granting Paloian leave to do so [Docket No. 75].

by LaSalle to Nomura in return for the Nomura Settlement and proceeds therefrom released the same claim elements sought to be recovered by LaSalle from the estate.

F. Paloian then filed that certain *Counter-Claimant's Motion for Disallowance of Counterclaim Defendant's Proof of Claim* dated June 18, 2013 [Docket No. 96] (the "**Motion for Disallowance**"). Paloian's Motion for Disallowance contended that the release of Nomura under the Nomura Settlement also released LaSalle's claim in its entirety.

G. The parties fully briefed the Motion for Disallowance [Docket Nos. 100, 105, and 106], and this Court entered a *Memorandum Opinion and Order Denying Paloian's Motion for Disallowance of LaSalle Bank's Proof of Claim* dated August 9, 2013 [Docket No. 109] (the "**Disallowance Memorandum Opinion**").

H. The Disallowance Memorandum Opinion denied the Motion for Disallowance on two grounds: First, the Court held that Paloian had not sought to amend Count I to allege that the release of Nomura totally released the estate from the obligations asserted in LaSalle's Proof of Claim. Second, the Disallowance Memorandum Opinion denied the Disallowance Motion on the merits.

I. The Disallowance Memorandum Opinion provides, inter alia, that:

Moreover, the Motion is also denied on the merits.

Trustee Paloian is entitled to no more relief than he sought, that is a setoff of claims paid off and released against the claim filed by the Bank against the Bankruptcy estate. Exhibit 23 to LaSalle Bank's Response to Paloian's instant Motion outlines what the record shows through the Motion for Summary Judgment on Count I as to which elements of the LaSalle bankruptcy Proof of Claim were paid and released by settlement and release of the like elements of the "Repurchase Price" that were settled in the Nomura litigation.

Only the unpaid principal balance of the loan in issue plus the accrued interest due as of the settlement date (less Servicers Advances) were clearly paid off, and claims for those elements

were also released. Other elements of the Proof of Claim were not settled or released, and those remain to be litigated.

> Therefore, the Trustee's Motion for Disallowance of the entire claim filed by LaSalle Bank is denied, and Trustee will prepare a Summary Judgment Order on Count I in accord with the Order of June 7, 2013, and prepare to suggest a trial schedule on other related Counts. This matter is set August 22, 2013 at 10:30 a.m. in courtroom 682 to enter Summary Judgment and schedule trial.

J.     Thereafter, on January 29, 2014, Paloian filed a *Motion to Amend Adversary Counterclaim to Claim of LaSalle Bank as Trustee* (the "**Motion to File Amended Complaint**") [Docket No. 153].

K.     The Motion to File Amended Complaint sought to amend the original complaint by, *inter alia*, adding Count XXX, to allege that LaSalle, by releasing Nomura, also released the estate from the obligations asserted by LaSalle in its proof of claim. The operative allegation of Count XXX provides that "LaSalle's release of Nomura in the Nomura Settlement operated to release Doctors Hospital from any obligation to pay any of the amounts stated in LaSalle's Proof of Claim." *See* Amended Complaint at ¶ 175.

L.     In support of the Motion to File Amended Complaint, Paloian acknowledged that "[t]he Court rejected the release argument on the merits.". *See* Memorandum in Support of Motion to File Amended Complaint, [Docket No. 154] at page 2.

M.     Also in support of the Motion to File Amended Complaint, Paloian represented to the Court that the purpose of adding Count XXX was to protect the record and not re-litigate the issue. The Memorandum in Support of Motion to File Amended Complaint provides "Counterclaimant now seeks to add the release theory as Count XXX of the Counterclaim in order to preserve the issue for appeal. This may require Counterclaimant to bring a renewed motion to disallow following the amendment, so that the Court can deny it for the record." (emphasis added). *See Id.*

4

N.  On February 4, 2014, this Court entered that certain *Order on Counterclaimant's Motion to Amend Adversary Counterclaim to Claim of LaSalle Bank as Trustee* [Docket No. 170], which allowed Paloian to file the Amended Counterclaim and set a responsive pleading deadline and status hearing.

O.  On February 5, 2014, Paloian filed that certain *Amended Adversary Counterclaim to Claim of LaSalle as Trustee* (the "**Amended Complaint**") [Docket No. 172].

P.  LaSalle filed its *Answer and Affirmative Defenses of LaSalle as Trustee to Paloian's Amended Adversary Counterclaim to Claim of LaSalle Bank as Trustee* (the "**Answer & Affirmative Defenses**") [Docket No. 177]. In its Answer and Affirmative Defenses, LaSalle asserted, *inter alia*, that Paloian should be estopped from claiming LaSalle released its entire Claim, whether through the Count I Setoff Motion, the newly added Count XXX, or otherwise.

Q.  LaSalle filed the instant Motion arguing that Paloian is estopped from litigating Count XXX based upon, *inter alia*, the Count I Memorandum Opinion and the Disallowance Memorandum Opinion.

R.  At presentation of the Motion on May 16, 2014, the Court inquired whether, as to the Motion, either party believed any genuine issue of material fact exists, or whether either party sought leave to offer any evidence with respect to issues of fact. The parties responded to the Court's inquiries by stating on the record that, as to the Motion: **(i)** they did not believe a genuine issue of material fact exists; **(ii)** they declined to present evidence of the existence of any genuine issue of material fact; and **(iii)** they waived the right to assert the existence of any genuine issue of material fact.

S.  Also at presentation of the Motion on May 16, 2014, the Court inquired whether either party believed the Motion is required to be treated as a motion for summary judgment

5

under Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56. The parties responded to the Court's inquiry by stating on the record that, as to the Motion: **(i)** they acknowledged the Court may consider matters of public filing with the Court without converting the Motion into a motion for summary judgment, pursuant to Bankruptcy Rule 7012, Federal Rule of Civil Procedure 12, and the ruling in *Hanson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); and **(ii)** each party was given the opportunity to request that the Motion be treated as a motion for summary judgment, and having declined to make such request, each party waived all arguments to treat the Motion as a motion for summary judgment.

## CONCLUSIONS OF LAW

The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(b)(2)(C) and (b)(2)(O), as well as 28 U.S.C. § 1334 and District Court Internal Operating Procedure 15(a). The Count implicated by the Motion (Count XXX) comprises a counterclaim to the claim of LaSalle against the estate. Specifically, Count XXX seeks to release the Debtor from any obligation to pay any amounts asserted by LaSalle in its proof of claim. Statutory "core" authority lies under 28 U.S.C. §§ 157(b)(2)(C) and (b)(2)(O).

Furthermore, this court has constitutional authority to rule on Count XXX of the Amended Complaint because Count XXX seeks to deny the entirety of LaSalle's Claim (defined below) and is therefore part of the claims allowance process. *See Stern v. Marshall,* 131 S.Ct.2594, 2616 (2011). Venue is proper before this Court pursuant to 28 U.S.C § 1409.

Procedurally, judgment on the pleadings dismissing Count XXX is proper pursuant to Fed.Bank.R.Pro. 7012, together with its corresponding Fed.R.Civ.Pro. 12. "A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th

Cir. 1991). A motion for judgment on the pleadings may only be granted if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *Id.* In ruling upon a motion for judgment on the pleadings, the court may consider the pleadings, documents incorporated by reference in the pleadings, and matters of public record on which the court may take judicial notice. *Id. See also Hanson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)(finding that the district court properly considered public court documents in deciding defendants' motion to dismiss).

Substantively, the Court may enter judgment on the pleadings as to Count XXX based upon the doctrine of judicial estoppel. Judicial estoppel is a matter of equitable judgment and discretion reviewed by higher courts under the abuse of discretion standard. *In re Knight Celotex, LLC*, 695 F.3d 714, 721 (7th Cir. 2012). Although not a rigid test, courts generally consider three factors in determining whether to invoke judicial estoppel: (1) a party's position must be clearly inconsistent with its earlier position; (2) the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position would create the perception that the court was misled; and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* at 721-22.

Here, the general guideposts for judicial estoppel apply. As stated above, Paloian sought and obtained leave to file the Amended Complaint based upon his representations that he was essentially adding Count XXX to conform the pleadings to this Court's prior rulings. In making these representations, Paloian recognized that the Court had already ruled on the merits and that he was anticipating bringing a renewed motion to disallow LaSalle's claim so that the Court could deny it for the record. *See* Memorandum in Support of Motion to File Amended Complaint

(Exhibit E to the Motion) at Page 2. Based upon Paloian's representations, LaSalle did not file any opposition to Paloian's efforts to file the Amended Complaint. Instead, and in lieu of engaging in additional motion practice, LaSalle asserted its position in its Answer and Affirmative Defenses.

Based upon the foregoing, Paloian is precluded from re-litigating the sum and substance of the allegations contained in Count XXX of the Amended Complaint. Any position taken by Paloian which contravenes his representations to the Court that he added Count XXX to the Amended Complaint to conform the pleading to the Court's rulings and to preserve his appeal rights would be inconsistent with his prior position. Further, allowing Paloian to change his position after granting him authority to add Count XXX to the Amended Complaint would be tantamount to misleading this Court. As stated above, Paloian represented to the Court and to LaSalle that he fully expected the Court to deny a renewed motion on Count XXX for the record and preserve the matter for appeal, not to relitigate in this Court. Last, if Count XXX is not disposed of under judgment on the pleadings, LaSalle will be unfairly burdened because it has already prevailed on the merits (*See* Exhibits A and B to the Motion), and this Court has set Count XV for trial in late October of this year, in part based upon its prior opinions (Exhibits A and B to the Motion). Trial on Count XV is inextricably linked to the Court's prior Orders related to the allegations raised in Count I and Count XXX of the Amended Complaint. Allowing Paloian another opportunity to re-litigate this issue under Count XXX will impinge upon the trial scheduled for October and will create unnecessary and duplicative litigation. Invoking judicial estoppel is further warranted here because no new operative facts or law have come to light which would call this Court's prior rulings into question. As such, Paloian cannot plead any facts

which would entitle him to judgment on Count XXX, and judgment on the pleadings in favor of LaSalle is therefore warranted.

**NOW THEREFORE, IN LIGHT OF THE UNDISPUTED FINDINGS OF FACT AND CONCLUSIONS OF LAW ABOVE, IT IS HEREBY ORDERED:**

1. The *Motion for Judgment on the Pleadings as to Count XXX* [Docket No. 206] will be separately granted;

2. Judgment on the pleadings as to Count XXX will be entered in favor of LaSalle, and LaSalle's entire claim will not be disallowed under the theory of release;

3. Each party will be deemed to have waived the right to raise or assert the existence of genuine issues of material fact before this Court on matters pertaining to the Motion;

4. Each party will be deemed to have waived the right to assert any and all arguments to treat the Motion as a motion for summary judgment; and

*The Remainder of This Page Intentionally Left Blank*

5. Because the Judgment will adjudicate fewer than all of the Counterclaimant's counterclaims, this Court will not direct entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure (Rule 7054(b) of the Rules of Bankruptcy Procedure) as to the Judgment, and will not certify that there is no just reason to delay enforcement on appeal of any judgment. The intent of the Court is that any appeal of the Judgment shall not and cannot be made unless and until final judgment is ordered determining the amount still due, if any, on Counterclaim Defendant's claim in bankruptcy or the Court otherwise issues a subsequent Order or Judgment certifying this Judgment as final pursuant to Rule 54 Fed. R. Civ. P. or Rule 7054(a) Fed. R. Bankr. P.

DATED: June 19, 2014

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

***Prepared By:***
David T.B. Audley
Michael T. Benz
CHAPMAN AND CUTLER LLP
111 West Monroe
Chicago, Illinois 60603
(312) 845-3000

--and--

Howard L. Adelman, Esq. (ARDC #0015458)
Adam P. Silverman, Esq. (ARDC #6256676)
ADELMAN & GETTLEMAN LTD.
53 W. Jackson Street, Suite 1050
Chicago, Illinois 60604
Telephone No.: (312) 435-1050
Fax No.: (312) 435-1059