IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>   DOCTORS HOSPITAL OF<br>   HYDE PARK, INC.,<br><br>                           Debtor. | Chapter 11<br><br>Case No.: 00 B 11520<br>Hon. Jack B. Schmetterer |
| GUS A. PALOIAN, not individually but solely as Trustee for the Estate of Doctors Hospital of Hyde Park, Inc.,<br><br>                        Counterclaimant<br><br>V.<br>LASALLE BANK NATIONAL ASSOCIATION f/k/a LASALLE NATIONAL BANK AS TRUSTEE FOR CERTIFICATE HOLDERS OF ASSET SECURITIZATION CORPORATION COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1997 D5, BY AND THROUGH ITS SERVICER, ORIX CAPITAL MARKETS, LLC,<br><br>                  Counterclaim Defendant, | Adversary No. 11-01983<br><br><br><br><br><br>Hearing Date and Time:<br>**Thursday, June 19, 2014 at 11:00 a.m.** |

**UNDISPUTED FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING COUNTERCLAIM DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO COUNT XIX**

This matter, having come before the Court on the *Motion for Judgment on the Pleadings as to Count XIX* [Docket No. 205][1] (the "**Motion**") filed by Counterclaim Defendant, LaSalle Bank National Association, f/k/a LaSalle National Bank as Trustee for Certificate Holders of Asset Securitization Corporation Commercial Mortgage Pass-Through Certificates, Series 1997, D5, by and through its Servicer, ORIX Capital Markets, LLC ("**LaSalle**"), all parties having

---

[1] All references to Docket Nos. in this Judgment mean and refer to the instant adversary proceeding, Case No. 11-01983 unless otherwise indicated.

1

appeared before the Court, filed briefs on the Motion, and having had notice and opportunity to be heard, **THE COURT HEREBY FINDS:**

A.  The Motion seeks judgment on the pleadings in favor of LaSalle on Count XIX of the *Amended Adversary Counterclaim to Claim of LaSalle as Trustee* (the "**Amended Complaint**") filed by Paloian in the instant adversary proceeding [Docket No. 172]. Count XIX of the Amended Complaint alleges that LaSalle has no lien or interest in the proceeds of certain "Equipment" (as defined in the Motion) owned by the Debtor and sold at auction pursuant to Section 363 of the Bankruptcy Code, which then gave rise to the "Auction Proceeds" (as defined in the Motion).

B.  Prior to the filing of the Motion, Paloian filed that certain *Motion for Summary Judgment on Defendant's Claim Against Debtor as to Certain Assets* (the "**Lien Scope Motion**"). *See* Docket No. 745 in adversary proceeding No. 02 A 363, re-filed as Docket No. 1447 in the above-captioned bankruptcy case (Case No. 00 B 11520). The Lien Scope Motion sought adjudication of the scope and extent of LaSalle's asserted liens and security interests in certain assets of the Debtor, and judgment on numerous counts in the Amended Complaint. The Lien Scope Motion did not, however, specifically include a request for adjudication of Count XIX of the Amended Complaint, the Equipment, or the Auction Proceeds.

C.  The Lien Scope Motion was fully briefed by the parties. *See, inter alia,* Docket Nos. 1461 and 1466 of the above-captioned bankruptcy case (Case No. 00 B 11520).

D.  In ruling on the Lien Scope Motion, the Court issued that certain *Memorandum Opinion on Chapter 11 Trustee's Motion for Partial Summary Judgment on LaSalle's Claim to Certain Assets* (the "**Lien Scope Memorandum Opinion**") dated June 6, 2012 [Docket No. 29-2].

E. The Lien Scope Memorandum Opinion concluded, *inter alia*, that the Operator Pledge and Security Agreement between the parties granted LaSalle liens and security interests in and to assets used to operate Doctors Hospital, and not just the real estate on which the hospital operated. *See* Lien Scope Memorandum Opinion at Pages 12-17.

F. Thereafter, the Court entered that certain *Partial Summary Judgments on Counts II, III, IV, VIII, IX, X, XI, XII, XIII* dated July 10, 2012 [Docket No. 48].

G. Subsequent to the partial summary judgment, Paloian filed that certain *Motion for Partial Reconsideration of Memorandum Opinion on Chapter 11 Trustee's Motion for Summary Judgment on LaSalle's Claim to Certain Assets* dated October 22, 2013 (the "**Motion to Reconsider Lien Scope Memorandum Opinion**") [Docket No. 128], which was fully briefed by the parties [Docket Nos. 145 and 148].

H. The Court rejected the Motion to Reconsider Lien Scope Memorandum Opinion and entered that certain *Opinion On Trustee's Motion (Dkt 137) to Alter or Amend Order Certifying Final Judgment Entered July 10, 2012 on Counts II, III & IV* dated January 27, 2014 (the "**Lien Scope Alter or Amend Memorandum Opinion**") [Docket No. 149].

I. The Lien Scope Alter or Amend Memorandum Opinion held that the arguments raised by Paloian in the Motion to Reconsider Lien Scope Memorandum Opinion were "fully considered and rejected in the [Lien Scope Memorandum Opinion]", and that no error arose in the Lien Scope Memorandum Opinion. *See* Lien Scope Alter or Amend Memorandum Opinion at Page 6.

J. In addition, the Lien Scope Alter or Amend Memorandum found that the Security Agreement could only be interpreted in a manner which granted LaSalle liens and security

3

interests on personal property assets necessary to operate the Debtor's hospital, and not just the real estate on which the hospital was situated.

K. The parties' arguments with respect to the Lien Scope Motion and the Motion to Reconsider Lien Scope Memorandum Opinion were virtually identical to those presented in the instant Motion. In fact, Paloian's response to the instant Motion was an incorporation of the prior arguments he made in connection with the Lien Scope Motion and the Motion to Reconsider Lien Scope Memorandum Opinion. *See Paloian's Response to Motion for Judgment on the Pleadings as to Count XIX (Avoidance of Lien on Equipment)* filed May 23, 2014 [Docket No. 215].

L. At presentation of the Motion on May 16, 2014, the Court inquired whether, as to the Motion, either party believed any genuine issue of material fact exists, or whether either party sought leave to offer any evidence with respect to issues of fact. The parties responded to the Court's inquiries by stating on the record that, as to the Motion: **(i)** they did not believe a genuine issue of material fact exists; **(ii)** they declined to present evidence of the existence of any genuine issue of material fact; and **(iii)** they waived the right to assert the existence of any genuine issue of material fact.

M. Also at presentation of the Motion on May 16, 2014, the Court inquired whether either party believed the Motion is required to be treated as a motion for summary judgment under Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56. The parties responded to the Court's inquiry by stating on the record that, as to the Motion: **(i)** they acknowledged the Court may consider matters of public filing with the Court without converting the Motion into a motion for summary judgment, pursuant to Bankruptcy Rule 7012, Federal Rule of Civil Procedure 12, and the ruling in *Hanson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994);

and **(ii)** each party was given the opportunity to request that the Motion be treated as a motion for summary judgment, and having declined to make such request, each party waived all arguments to treat the Motion as a motion for summary judgment.

## CONCLUSIONS OF LAW

This adversary proceeding arises out of and relates to the Chapter 11 case of Doctors Hospital, No. 00 B 11520. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(b)(2)(C), (b)(2)(K), and (b)(2)(O), as well as 28 U.S.C. § 1334 and District Court Internal Operating Procedure 15(a). The Count implicated by this Motion (Count XIX) comprises a counterclaim to the claim of LaSalle against the estate. Specifically, Count XIX seeks to deny that LaSalle has a lien on certain proceeds of equipment sold at auction by the Debtor. Statutory "core" authority lies under 28 U.S.C. §§ 157(b)(2)(C), (b)(2)(K), and (b)(2)(O).

Furthermore, this court has constitutional authority to rule on Count XIX of the Amended Complaint because Count XIX seeks to determine the extent by which LaSalle's claim is secured by assets of the bankruptcy estate, which is part of the claims allowance process. *See Stern v. Marshall,* 131 S.Ct.2594, 2616 (2011). Venue is proper before this Court pursuant to 28 U.S.C § 1409.

Procedurally, judgment on the pleadings dismissing Count XIX is proper pursuant to Fed.Bank.R.Pro. 7012, together with its corresponding Fed.R.Civ.Pro. 12. "A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). A motion for judgment on the pleadings may only be granted if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *Id.* In ruling upon

5

a motion for judgment on the pleadings, the court may consider the pleadings, documents incorporated by reference in the pleadings, and matters of public record on which the court may take judicial notice. *Id. See also Hanson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)(finding that the district court properly considered public court documents in deciding defendants' motion to dismiss).

Substantively, the Court may enter judgment on the pleadings as to Count XIX based upon the doctrine of *law of the case*. "[L]aw of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination. ... This presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others. *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007)(internal citations omitted). Although law of the case is a discretionary doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation. *U.S. v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008).

Here, the Court invokes law of the case doctrine and will not allow Paloian what would be a third bite at the apple. Paloian has already raised the same argument twice, and twice this court has rejected that argument. It is clear from the Court's prior rulings that the liens and security interests granted to LaSalle relate to the debtor's assets used to operate the hospital, including equipment.

Count XIX is essentially a one sentence count which provides, "LaSalle has no lien or interest in the Auction Proceeds because the property sold does not relate to the real estate and was not owned or acquired in connection with the real estate." *See* Amended Complaint (Exhibit

A) at ¶153. The Auction Proceeds are defined as "the proceeds of the sales of certain property and equipment sold by auction by Doctors Hospital." *See Id.* at ¶36(d).

Although not specified in the Amended Complaint, the Auction Proceeds arise from a court approved sale and auction of the Debtor's equipment and other assets. On January 16, 2001, the Debtor filed a *Motion for Authority to Enter into a Sale/Auction Agreement for the Sale and Auction of Equipment Free and Clear of Liens, Claims, Interests, and Encumbrances* [Docket No. 275-1 in the bankruptcy case] (the "**Sale Motion**"). In the Sale Motion, the Debtor sought authority to enter into a contract with an auctioneer under which the auctioneer would (a) purchase "Equipment" from the debtor; (b) re-sell the Equipment at an auction; and (c) pay the debtor a percentage of the net proceeds of the sale over a specified amount. *See* Sale Motion at page 2.

The Sale Motion defined the Equipment to be sold as the "Debtor's equipment, inventory and other hospital contents located primarily at the Premises". *See Id* at Page 2. The Sale Motion further provided that "[t]he Equipment consists of the Debtor's medical and non-medical equipment, materials, inventory, furniture, fixtures, and other hospital assets located primarily at the Premises, with certain exceptions (e.g. doors, windows, mechanicals, leasehold improvements, leased equipment, etc.) as set forth in Exhibit B of the Agreement." *See Id* at Page 4.

The Court approved the Sale Motion pursuant to an *Order Authorizing Debtor to Enter into a Sale/Auction Agreement for the Sale and Auction of Equipment Free and Clear of Liens, Claims, Interests, and Encumbrances*, dated January 29, 2001 [Docket No. 307-1 in the bankruptcy case] (the "**Sale Order**"). The Sale Order provides that the Debtor was authorized to deposit the sale proceeds of the Equipment into a segregated account subject to further court

7

order and also joint signatures of counsel, and that the debtor and LaSalle could enter into an escrow agreement to that effect. The Sale Order also provided that the rights of LaSalle in and to the proceeds of the Equipment, if any, would attach without further act or deed, subject to the rights, if any, of the debtor or the creditors committee to contest such rights at a later date. *See* Sale Order at Page 6.

Based upon the debtor's own motion, it is clear that the Auction Proceeds consist of the debtor's Equipment. It is also clear that Paloian's only challenge to LaSalle's lien in Count XIX is the same argument he made before- that the Action Proceeds do not relate to real estate. This is the same argument the Court has twice rejected. There are no operative new facts or law which could undermine this Court's prior conclusions on summary judgment as to interpretation of the Security Agreement, which again, the Court has held is unambiguous.

Thus, it is beyond doubt that there are no facts which Paloian can plead which would support his interpretation of the Security Agreement. Accordingly, Paloian will be precluded from litigating the allegations contained in Count XIX of the Amended Complaint, and judgment on the pleadings in the manner consistent with the Court's prior rulings is proper.

**NOW THEREFORE, IN LIGHT OF THE FINDINGS ABOVE, IT IS HEREBY ORDERED, AND JUDGMENT IS HEREBY ENTERED, AS FOLLOWS:**

1. The *Motion for Judgment on the Pleadings as to Count XIX* [Docket No. 205] will separately be granted;

2. For the reasons set forth herein, judgment on the pleadings as to Count XIX will be separately entered in favor of LaSalle, and LaSalle's liens and security interest will deemed and adjudicated to extend in and to the Debtor's Equipment, including the Auction Proceeds;

8

3. Each party will be hereby deemed to have waived the right to raise or assert the existence of any genuine issues of material fact before this Court on matters pertaining to the Motion;

4. Each party will be deemed to have waived the right to assert any and all arguments to treat the Motion as a motion for summary judgment; and

5. Enforcement of the judgment will be stayed pursuant to, and in accordance with the terms of, that certain *Order on Motion to Stay Enforcement of Judgment* dated November 8, 2013 [Docket No. 142].

DATED: June 19, 2014

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

**Prepared By:**
David T.B. Audley
Michael T. Benz
CHAPMAN AND CUTLER LLP
111 West Monroe
Chicago, Illinois 60603
(312) 845-3000

--and--

Howard L. Adelman, Esq. (ARDC #0015458)
Adam P. Silverman, Esq. (ARDC #6256676)
ADELMAN & GETTLEMAN LTD.
53 W. Jackson Street, Suite 1050
Chicago, Illinois 60604
Telephone No.: (312) 435-1050
Fax No.: (312) 435-1059

9